UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO: 8:18-cr-257-CEH-TGW

KIRK DAVID BLANK

_____

## ORDER

This cause comes before the Court on Defendant Kirk David Blank's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. 104. Proceeding *pro se*, Kirk David Blank requests compassionate release based upon his multiple life-threatening medical conditions. In its response (Doc. 107), the Government agrees that Defendant's serious medical conditions constitute extraordinary and compelling reasons to support a reduction in Defendant's sentence. The Government does not oppose Blank's motion for compassionate release. The Government also filed, under seal, two impact statements from victims who oppose Blank's early release. Doc. 112. Upon review and careful consideration, and being fully advised in the premises, the Court will grant the motion for compassionate release and will reduce Defendant's sentence to time served with a 300-month term of supervised release.

## I.    BACKGROUND

On April 29, 2019, Kirk David Blank ("Defendant" or "Blank") was sentenced to 108 months' incarceration and 300 months of supervised release following Blank's

guilty plea to the charge of transportation of child pornography, based on conduct committed on or about September 3, 2017. Doc. 87. Now 58 years old, Blank is incarcerated at FCI Coleman Low with an expected release date of January 15, 2027. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on June 25, 2026).

Blank filed his emergency motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that based on extraordinary and compelling medical circumstances, the recommendation of the Warden, and the urgent need to prevent irreparable harm, a reduction in his sentence to time served is warranted. Specifically, Blank represents that he suffers from severe and life-threatening medical conditions, including chronic renal failure (Stage 4), advanced kidney disease, anemia, and multiple myeloma cancer. Doc. 104 at 2. He argues that his present conditions of confinement demonstrate that he is unable to provide self-care within the meaning of U.S.S.G. § 1B1.13 and that continued incarceration significantly increases the risk of rapid deterioration and death. He struggles to perform basic daily activities such as walking, standing, and sleeping. His condition has deteriorated to the point that some days he is unable to ambulate or care for himself. And despite the genuine and attentive support of the prison Health Services and facility staff, they have advised him that the institution lacks the resources necessary to adequately treat his serious and complex medical conditions. Because his conditions are grave, progressive, and worsening, his continued incarceration increases his risk of death.

2

Blank submitted his request to the Warden of Coleman who has recommended Blank's compassionate release to the higher authorities. However, no final agency decision has been made.

Blank argues that the factors under 18 U.S.C. § 3553(a) support his compassionate release as he has served over 78% of his sentence and his positive conduct in prison demonstrate his rehabilitation. Blank proposes a release plan in which he will live with his parents who will assist with his daily care and transportation to medical appointments. Additionally, Blank's wife will assist in providing care and support.

The Government does not oppose Blank's compassionate release. Noting that Blanks' prior request for compassionate release in 2020 was appropriately denied (Doc. 102), the Government submits that Blank's medical conditions have significantly worsened and now constitute extraordinary and compelling circumstances warranting release. The Government provides the following medical summary of Blank's condition that was prepared by the Bureau of Prisons' Clinic Director:

> The patient is a 57-year-old male, Medical Care Level 4 and Mental Health Care Level 1, requiring comprehensive management for multiple myeloma, anemia related to chronic kidney disease, deteriorating renal function, hyperkalemia, acute kidney injury, and chronic kidney disease stage 4 (GFR approximately 18 mL/min/1.73 m^2) with elevated serum free light chains. He also has hypertension, hyperlipidemia, and a duodenal ulcer. He has a life-threatening hematologic malignancy that requires immediate therapy with chemotherapy and dexamethasone. He requires aggressive intravenous

3

> hydration with strict monitoring of urinary output, and laboratory monitoring multiple times per week. A renal biopsy may be indicated depending on nephrology assessment. Other specialized immunomodulatory therapies may be necessary, which are high-cost and are not likely on the correctional BOP formulary. The patient requires specialized treatment that cannot be adequately delivered within the correctional setting. He was hospitalized on 1/16/2026 for recurrent anemia, hyperkalemia, and CKD, and on 4/16/2026 after a hypertensive crisis. He requires close follow-up with nephrology, hematology, and oncology. Any delay in care risks permanent kidney damage.

Doc. 107 at 2. The Government agrees that Blank's medical conditions constitute extraordinary and compelling circumstances under § 3582(c)(1)(A) and the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. Given Blank's serious medical conditions and release plan, which has already been approved by Probation, the United States does not oppose Blank's request for compassionate release. The Government notes that if Blank's motion is granted, he would still be subject to 300 months of supervised release and must comply with all conditions of supervision, including those required under the Sex Offender Registration and Notification Act.

The Government indicates that Probation has already prepared and approved a release plan. Doc. 107 at 2. Accordingly, the Court directed Probation to provide the release plan for the Court's review. It has been provided (Doc. 109), and the Court has reviewed and approved the release plan. Doc. 110.

Pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, the Government provided notice of Blank's motion for compassionate release to the known victims of his crimes. *See* Doc. 106. In opposition to Blank's requested relief, victims' counsel submitted a May 2019 statement of one of the victims and a June 2017 statement of the mother of another victim.  The Government filed under seal the victim impact statements. Doc. 112. The same victims submitted statements, through counsel, at the time of sentencing, *see* Final Presentence Investigation Report, Doc. 78 at 19–35, which the Court considered in imposing Defendant's sentence.

## II.        LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c).  Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision now states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of*

> *such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. The current version of Section 1B1.13, following an amendment that became effective on November 1, 2023, provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:"

(1) Medical circumstances
(2) Age
(3) Family circumstances
(4) Victim of abuse
(5) Other reasons
(6) Unusually long sentence

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the policy statement.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

## III.     DISCUSSION

### A.     Administrative Exhaustion

As a threshold matter, the Court finds that Blank has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Blank submitted a request for compassionate release to the Warden of Coleman in September 2025. More than thirty days have passed. Both Blank and the Government indicate that the Warden is supportive of Blank's release. The Court finds that Blank has satisfied the exhaustion requirement.

> B.    Extraordinary and Compelling Reasons

Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) and 18 U.S.C. § 3582(c)(1)(A), a defendant must establish that a sentence reduction is warranted.  Here, Blank is 58 years old and was not sentenced until 2019.  Thus, he does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A)(i).

Blank argues that his serious medical conditions constitute such a reason. A defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (i) suffering from a serious physical or medical condition; (ii) suffering from a serious functional or cognitive impairment; or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. U.S.S.G. § 1B1.13(b)(1)(B). Additionally, the medical

circumstances of a defendant provide extraordinary and compelling reasons for compassionate release where "[t]he defendant is suffering from a medical condition that requires long-term specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C).

In his motion, Blank details his multiple life-threatening medical conditions and the inability of the prison facility to provide adequate medical care for his various serious health issues. Coleman's Clinic Director has indicated that comprehensive management is required for Blank's multiple myeloma, anemia related to chronic kidney disease, deteriorating renal function, hyperkalemia, acute kidney injury, and chronic kidney disease stage 4, which specialized treatment is not readily available in the institution setting. Where specialized medical care is not being provided such that it places a defendant at risk of serious deterioration in health or death, the Sentencing Guidelines Policy Statement has determined such conditions qualify as an extraordinary and compelling reason to warrant a reduction in sentence. *See* U.S.S.G. § 1B1.13(b)(1)(C). Blank has met his burden of establishing that extraordinary and compelling reasons justify compassionate release.

C.    Section 3553(a) Factors

Having found that Blank demonstrates extraordinary and compelling reasons for compassionate release, the Court must next consider the factors identified in 18 U.S.C. § 3553(a) to determine whether it can conclude that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3412(g)," U.S.S.G. § 1B1.13(2), and whether a reduction of his sentence is consistent with the Sentencing Commission's policy statements, 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) also requires a sentencing court to consider, among other factors, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2). It also requires the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), the sentencing range established by the sentencing guidelines, § 3553(a)(4)(A), and the need to avoid unwarranted sentencing disparities, § 3553(a)(6).

To date, Blank has served 85 months of a 108-month sentence or approximately 79% of his sentence. He is due to be released in less than seven months. This fact supports a finding that Blank has served most of his sentence, that he has been justly punished, and that the punishment promotes respect for the law. While the Court recognizes and appreciates the victims' statements that they expect Defendant to serve every day of his sentence, remaining incarcerated without adequate medical care given Blank's severe medical conditions could result in a death sentence, which is not the sentence this Court imposed.

While incarcerated, Blank has had no disciplinary infractions and has made significant strides in rehabilitation through his active involvement with the Religious Services Department. He has served as the head clerk for the Religious Services Department at Coleman for approximately seven years, through which he has

demonstrated responsibility, reliability, and a commitment to service within the institution. He has fostered relationships and skills through his service which will support his successful reintegration into the community and provide for a foundation for continued service upon his release. While his good conduct does not excuse his past criminal conduct, it does support a finding of rehabilitation. Although rehabilitation of a defendant, by itself, is not an extraordinary and compelling reason under the policy statement, *see* 28 U.S.C. § 994, rehabilitation of a defendant may be considered by a court along with other circumstances to determine whether and to what extent a reduction is warranted. U.S.S.G. § 1B1.13(d). Given Blank's serious health conditions, his good behavior while in prison, and the mandatory, standard, and special conditions of supervised release, the Court is persuaded that Blank does not pose a danger to any other person or to the community. S*ee* U.S.S.G. § 1B1.13(2).

To be certain, the Court does not take lightly the importance of ensuring that Defendant does not repeat his criminal behavior. Blank will be required to comply with the requirements of the Sex Offender Registration and Notification Act. Moreover, the 300-month term of supervised release should effectively deter the risk of reoffending.

Another factor courts take into consideration in considering the § 3553(a) factors is the need to provide restitution to the victims of the offense. At the time of sentencing, Blank was ordered to pay a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act of 2015 and restitution in the amount of $10,000. Doc. 87 at 6. On October 26, 2023, the Government filed a Satisfaction of Judgment

reflecting that Kirk David Blank paid the special assessment and criminal restitution imposed in his judgment. Doc. 103.

Having considered the § 3553(a) factors, the Court finds that reducing Defendant's term of imprisonment to time served with a 300-month term of supervised release is consistent with the applicable policy statements issued by the Sentencing Commission. Accordingly, it is **ORDERED**:

1.      Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 104) is **GRANTED**.

2.      The Court reduces Defendant Kirk David Blank's term of imprisonment to **TIME SERVED**. Upon release from prison, Defendant shall begin a 300-month term of supervised release, subject to the mandatory and standard conditions of supervised release adopted by the Court in the Middle District of Florida and the special conditions of supervised release imposed by the Court at the time of sentencing.

3.      There being a verified residence and an adequate release plan in place (Doc. 109) the Bureau of Prisons shall **RELEASE** Defendant Kirk David Blank upon entry of this Order, as soon as appropriate travel arrangements are made, but no more than five days after entry of this Order.

4.      AUSA Jillian Jewell is directed to provide a copy of this Order by email or fax to the Warden at FCI Coleman.

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Kirk David Blank, pro se
AUSA Jillian Jewell
Counsel of Record
U.S. Marshal
United States Office of Probation
FCI Coleman Low, 846 NE 54th Terrace, Sumterville, FL 33521